UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
:
UNITED STATES OF AMERICA                     :
:        CONSENT PRELIMINARY ORDER
- v. -                                       :        OF FORFEITURE/
:        MONEY JUDGMENT
JOSE SERGIO MARTINEZ-AGUILAR,                :
   a/k/a "Orejon,"                           :        S3 20 Cr. 333 (JSR)
   a/k/a "Andy,"
   a/k/a "Pa,"                               :

                 Defendant.           :
------------------------------------ x

        WHEREAS, on or about January 25, 2022, JOSE SERGIO MARTINEZ-AGUILAR (the "Defendant"), was charged in a nine-count Sealed Superseding Information, S3 20 Cr. 333 (JSR) (the "Information"), with narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count One); firearms offense, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2 (Count Two); destruction of evidence in a federal investigation, in violation of Title 18, United States Code, Sections 1519 and 2 (Count Three); false statements, in violation of Title 18, United States Code, Section 1001 (Count Four); distribution and possession with intent to distribute narcotics, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2 (Count Five); possession of contraband, in violation of Title 18, United States Code, Sections 1791(a)(2), (b)(4), and (d)(1)(F) (Count Six); illegal reentry, in violation of Title 8, United States Code, Section 1326(a) (Count Seven); money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2 (Count Eight); and bribery, in violation of Title 18, United States Code, Sections 666 and 2 (Count Nine);

        WHEREAS, the Information included a forfeiture allegation as to Counts One and Five of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States

Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts One and Five of the Information, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses charged in Counts One and Five of the Information, including but not limited to, a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Five of the Information;

WHEREAS, the Information included a second forfeiture allegation as to Count Eight of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count Eight of the Information, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Eight of the Information;

WHEREAS, the Information included a third forfeiture allegation as to Count Nine of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Nine of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the offense charged in Count Nine of the Information;

WHEREAS, on or about January 25, 2022 the Defendant pled guilty to Counts One through Nine of the Information, pursuant to an agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One, Five, Eight and Nine of

the Information, and agreed to forfeit to the United States a sum of money to be determined by the Court: (i) pursuant to Title 21, United States Code, Section 853, representing any and all property constituting, or derived from any proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts One and Five of the Information, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses charged in Counts One and Five of the Information; and (ii) pursuant to Title 18, United States Code, Section 982(a)(1), representing the property involved in the offense charged in Count Eight of the Information; and (iii) pursuant to Title 18, United States Code, Section 981 and Title 28, United States Code, Section 2461(c), representing the proceeds traceable to the commission of the offense charged in Count Nine of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $666,000 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One, Five and Nine of the Information that the Defendant personally obtained, and the property involved in the offense charged in Count Eight of the Information; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One, Five and Nine of the Information that the Defendant personally obtained, and the property involved in the offense charged in Count Eight of the Information, cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney Rushmi Bhaskaran, of counsel, and the Defendant and his counsel, Mariel Colon Miro, Esq., Jodi L. Morales, Esq., and Michael Lambert, Esq., that:

1.     As a result of the offenses charged in Counts One, Five, Eight and Nine of the Information, to which the Defendant pled guilty, a money judgment in the amount of $666,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One, Five and Nine of the Information that the Defendant personally obtained, and the property involved in the offense charged in Count Eight of the Information, shall be entered against the Defendant.

2.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant JOSE SERGIO MARTINEZ-AGUILAR, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.     All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4.     Upon entry of this Consent Preliminary Order of Forfeiture/Money Judgment, and pursuant to Title 21, United States Code, Section 853, United States Customs and Border Protection, or its designee the Office of Fines, Penalties, and Forfeiture shall be authorized to deposit the payment on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.     Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.  The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[THIS SPACE LEFT INTENTIONALLY BLANK]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____  5/3/24
RUSHMI BHASKARAN               DATE
Assistant United States Attorney
26 Federal Plaza, 37th Floor
New York, NY 10278
(212) 637-2439


JOSE SERGIO MARTINEZ-AGUILAR

By: _____  5/3/24
JOSE SERGIO MARTINEZ-AGUILAR   DATE

By: _____  5/3/24
MARIEL COLON MIRO, ESQ.        DATE
Attorney for Defendant
300 Cadman Plaza W., 12th Floor
Brooklyn, NY 11201


SO ORDERED:

_____  5/3/24
HONORABLE JED S. RAKOFF       DATE
UNITED STATES DISTRICT JUDGE